UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN WILLETT,       )<br>  Plaintiff,       )<br>       )<br>vs.       )<br>       )<br>DEPUTY JOHN MARCH,       )<br>  Defendant       ) | Case No. 22-3260 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says he was arrested and booked in into the Sangamon County Jail on July 24, 2022, and ultimately moved into Cell Block D. Plaintiff asked Defendant March to move him on three different occasions apparently due to concerns about his safety, but the officer refused.

Plaintiff says he was then attacked by another inmate. Plaintiff says his elbow was broken in the attack and he was taken to an outside hospital and eventually received surgery.

1

Plaintiff has adequately alleged Defendant March violated his Fourteenth Amendment rights when he failed to protect Plaintiff from an inmate assault on July 24, 2022. To succeed on his claim, Plaintiff must demonstrate: "(1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries" *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022)(citation omitted).

The Court notes Plaintiff has also checked a box on his complaint form indicating the grievance process is not completed. (Comp, p. 4). Plaintiff is reminded he must exhaust all available administrative remedies before filing a complaint in federal court. *See* 42 U.S.C. §1997e(a); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (explanation of "available" remedies). However, exhaustion is an affirmative defense, so Defendants bear the burden of establishing Plaintiff did not complete the grievance process before filing his complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

Plaintiff has also filed a Motion for Appointment of Counsel. [4] Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied.[4].

Finally, Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. [5]. However, Plaintiff has also filed a notice with the Court stating he is no longer incarcerated.[6]. Unfortunately, the only address Plaintiff provided in his notice and envelope is the Sangamon County Jail. [6].

As the Court has previously advised Plaintiff, it cannot proceed with this lawsuit without a current address for Plaintiff. [2]. Therefore, before serving the Defendant, Plaintiff must first provide his current address in writing. The Court will allow Plaintiff an additional 21 days to provide his t address or his case will be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Appointment of Counsel is DENIED with leave to renew [4].

2) Plaintiff's Motion for Leave to Proceed In Forma Pauperis is DENIED [5]. Plaintiff must either pay the $402 filing fee in full or file the appropriate IFP form for an individual who is not incarcerated. The Clerk will provide this form to Plaintiff after he provides his current address.

3) Plaintiff must immediately provide his current address in writing or his case will be dismissed [2]. On its own motion, the Court will allow Plaintiff an additional 21 days or until April 18, 2023, to provide his address. If Plaintiff takes no action by the deadline, this case will be dismissed.

Entered this 27th day of March, 2023.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE